Dorcas F. PATTERSON, Floyd RAGSDALE,
Mae FERGUSON, Tommy RAGSDALE,
Martha Jo KINSLOW and Katherine KELLAM,
Individually and as Guardian of
Ethel HAMMONS *v.* Burl HARRIS, Executor

CA 79-179                                        593 S.W. 2d 489

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P.A.,* by: *Leonard L. Scott* and *Ronald G. Harris*, for appellants.

*Gardner & Gardner,* for appellee.

GEORGE HOWARD, JR., Judge. This appeal involves the construction of Article IX of the Last Will and Testament of the late Mrs. Hazel Ferguson providing for the compensation to be paid the executor for services rendered in connection with the administration of her estate.

Article IX, in relevant part, provides:

> The appointment of my said Executor and Trustee, and the power and authority vested in him shall include also the right to receive reasonable compensation of ten per cent (10%) of the total gross estate as finally determined for federal estate tax purposes for his services and expenses as shall be deemed by the Probate Court to be just and equitable, ; . . .

The trial court, pursuant to a petition filed by the executor for construction of the pertinent part of Article IX held:

> The will is construed to provide or direct the payment of ten percent of the gross estate for estate tax purposes. . . . It is ten percent of the amount claimed there, which includes expenses, for which no claim was made for that matter. . . .

The Federal Estate Tax Return computes the total gross estate at $624,253.44.[1] A fee of $62,425.34 was allowed

---

[1] The bulk of decedent's estate consisted of real estate located in Oklahoma. The executor was directed to reduce all assets — both real and personal property — to cash within two years. However, a parcel of land, 56 feet by 120 feet together with all buildings located on the property in Russellville, was specifically devised to two nieces.

Appellants are the heirs of the testatrix's husband, A. H. Ferguson, who predeceased the testatrix. In addition, appellants' interest in the estate is approximately 26.8%.

the executor which was claimed as a deductible item on the estate tax return.

In *Mills' Heirs* v. *Wylie*, 250 Ark. 703, 466 S.W. 2d 937 (1971), our Supreme Court made the following pertinent observation:

> . . . [T]he purpose of construction is to arrive at the intention of the testator; *but that intention is not that which existed in the mind of the testator, but that which is expressed in the language of the will.*

Our Supreme Court has also emphasized that words and sentences used in a will are to be construed in their primary or ordinary sense so as to arrive at the real intention of the testator. *Morris* v. *Dosch*, 194 Ark. 153, 106 S.W. 2d 159 (1937); *Morgan* v. *Green*, 263 Ark. 125, 562 S.W. 2d 612 (1978). Moreover, in interpreting a will, it is the duty of the court to apply its best judgment consistent with applicable rules of construction. *Morgan* v. *Green*, supra.

Giving the following relevant words a construction in their usual and customary meaning:

> The appointment of my said Executor and Trustee, and the power and authority vested in him shall include also the right to receive reasonable compensation of ten per cent (10%) of the total gross as finally determined for federal estate tax purposes for his services and expenses as shall be deemed by the Probate Court to be just and equitable, . . .

we are persuaded the testatrix intended that the executor shall receive ten percent (10%) of the gross estate as finally determined for federal estate tax purposes as a fee which she deemed to be reasonable compensation for services to be rendered by the executor in the administration of her estate. We are further persuaded that the words "as shall be deemed by the Probate Court to be just and equitable" modify the word "expenses" and were not meant to confer any discretionary authority on the Probate Court in setting the executor's fees.

We believe that the construction rendered by the trial court was correct as well as reasonable. Accordingly, we affirm.

Affirmed.